UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN DAVIS,<br><br>    Petitioner,<br><br>v.<br><br>COVELLO (WARDEN),<br><br>    Respondent. | No. CV 19-7249 PA (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNEXHAUSTED |

The petitioner ("Petitioner"), a prisoner in state custody proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") on or about August 7, 2019. Petitioner challenges a 2014 conviction and sentence entered in the Superior Court of Los Angeles County.

**1.   FAILURE TO EXHAUST**

    A.   <u>The Court may not consider a petition that includes unexhausted claims.</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the petitioner has fully exhausted available state court remedies with respect to each of the issues presented, or, unlike the instant case, the state has expressly waived the exhaustion issue. *See* 28 U.S.C.

§§ 2254(b), (c); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 839, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rose v. Lundy,* 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Duncan v. Henry,* 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*). State remedies have been exhausted if a petitioner has "fairly presented" each federal claim to the highest state court with jurisdiction to review it. A claim has been "fairly presented" if a petitioner has set forth both the operative facts and the federal legal theory on which the claim is based. *See, e.g., Duncan,* 513 U.S. at 365-66; *Anderson v. Harless,* 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Thus, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008). A petitioner may also alert the state court to the federal basis of his claim by citing "a case deciding such a claim on federal grounds . . . ." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); *Davis*, 511 F.3d at 1011.

Petitioner has the burden of demonstrating that he has exhausted available state remedies. *See*, *e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of exhaustion, *pro se* petitions are held to a more lenient standard than counseled petitions. *See Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003); *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003).

B. <u>Petitioner has failed to demonstrate that his claims are exhausted.</u>

The current Petition presents four grounds for relief. However, Petitioner has failed to demonstrate that he has presented any of the current claims to state court. Although Petitioner attached to his habeas petition here the cover page of his habeas petition filed in the Supreme Court of California on November 26,

2018 (Docket No. 1, p. 58), and the April 24, 2019, order of the Supreme Court of California denying the habeas petition (Docket No. 1, p. 59), neither Petitioner's current habeas petition nor the California Courts' website indicates what issues Petitioner raised in his habeas petition before the Supreme Court of California.

  C. <u>Neither exception to the exhaustion requirement is applicable.</u>

  AEDPA provides that the Court may consider an unexhausted claim if "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I)-(ii). Thus, if it were clear here that Petitioner's potentially unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. *See Castille v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996). However, it is not "clear" here that the California Supreme Court would hold that Petitioner's claims are procedurally barred under state law, if Petitioner were to raise them in a habeas petition to the Supreme Court of California (which, being an original proceeding, is not subject to the same timeliness requirement as a petition for review of a California Court of Appeal decision). *See*, *e.g.*, *In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that there is neither an absence of available state corrective process nor an existence of circumstances that render such process ineffective.

**2. ORDER TO SHOW CAUSE**

  The Court orders Petitioner to show cause in writing within 15 days of the date of this order why the Petition should not be dismissed for failure to exhaust.

If available, Petitioner should include a complete copy of his petition for review to the Supreme Court of California with his response to this order.

If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed without prejudice for failure to exhaust.

IT IS SO ORDERED.

DATED: August 30, 2019

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge