# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

WARREN DAVIS,

                Petitioner,

    v.

MARCUS POLLARD, Warden,

                Respondent.

Case No. 2:19-cv-07249-PA (MAA)

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation ("Report") of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.  For the following reasons, Petitioner's objections are overruled.

Petitioner objects that the Report relied solely on the victims' accounts to set out a factual summary of the crimes, and he disputes several details of that factual summary.  (Objections [ECF No. 56] at 3-8.)  Petitioner's valid plea of no contest, however, relinquishes any claim challenging the facts of the charged crimes.  *See Class v. United States*, 138 S. Ct. 798, 805 (2018) (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)).

Petitioner objects that he is not guilty of the crimes and that his plea of no contest, as his counsel explained it to him, "was not an admission of guilt, but instead a settlement of the case," and "nothing more." (ECF No. 56 at 13.) Relatedly, Petitioner objects that he never admitted to the factual basis for the charged crimes. (*Id*. at 33; *see also* Petition [ECF No. 1] at 530.) To the extent that Petitioner is claiming that there was no factual basis for his plea, the claim is not cognizable on federal habeas review. *Loftis v. Almager*, 704 F.3d 645, 647-48 (9th Cir. 2012) (holding that petitioner's claim that the record failed to present a factual basis for his no contest plea was not cognizable in federal habeas corpus). Rather, it is state law that requires a trial court to find a factual basis for a negotiated plea of no contest, based on information regarding the factual basis supplied by the defendant or his counsel. *People v. Voit*, 200 Cal. App. 4th 1353, 1365 (2011). Such information amounts to a concession by the defendant of the existence of a factual basis for the plea, even if the concession is supplied by his counsel. *Id*. at 1366, 1371 n.14. Here, the state trial court complied with the state law requirement by finding a factual basis for Petitioner's plea. (Lodged Document No. 1 [ECF No. 15-1] at 7.) Petitioner's allegation that he pled no contest without any concession to the factual basis for the plea is contrary to state law and the record.

Petitioner objects that the Report failed to discuss properly Ground Two, in which he claimed that his defense counsel was ineffective for failing to investigate the victims' backgrounds. (ECF No. 56 at 11, 13-20.) However, Petitioner has never offered any evidence for his numerous allegations about the victims' backgrounds that his counsel supposedly should have investigated. *See Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021) (emphasizing that the burden of rebutting the presumption that defense counsel performed reasonably "'rests squarely on the defendant,' and '[i]t should go without saying that the absence of evidence cannot overcome [it].'") (alterations in original) (quoting *Burt v. Titlow*, 571 U.S. 12, 22-23 (2013)).

1    Petitioner objects that the Report unreasonably rejected Ground Three, in

2  which he claimed that his plea was coerced because information was withheld from

3  him, both by the prosecutor and by his defense counsel.  (ECF No. 56 at 20-29.)  As

4  to the prosecutor, Petitioner's argument fails because it is based on the incorrect

5  assumption that the prosecutor had a constitutional duty to disclose material

6  impeachment evidence.  *See United States v. Ruiz*, 536 U.S. 622, 633 (2002)

7  (holding that "the Constitution does not require the Government to disclose

8  material impeachment evidence prior to entering a plea agreement with a criminal

9  defendant").  As to defense counsel, Petitioner's argument fails because it is

10  contradicted by the record.  Petitioner claims that counsel withheld information of

11  significant inconsistencies in the victim's accounts:  most notably, the victim

12  allegedly told the police that the charged sexual acts were consensual.  (ECF No. 56

13  at 21, 27.)  The record shows, to the contrary, that the victim repeatedly and

14  consistently told the police that Petitioner had forced her engage in the sexual acts

15  by threatening her with a hunting knife.  (ECF No. 1 at 171-72, 180-81, 189.)

16    Petitioner objects that the Report unreasonably rejected Ground Four, in

17  which he claimed that he was mentally incompetent to plead no contest.  (ECF No.

18  56 at 29-36.)  Petitioner alleges that, despite taking powerful medications, he

19  continued to suffer from severe hallucinations.  (ECF No. 56 at 30-32.)  A

20  psychiatrist found, however, that Petitioner's reported hallucinations "appear to be

21  poorly described and inconsistent with a genuine mental illness."  (ECF No. 1 at

22  330.)  The psychiatrist also concluded that Petitioner did not appear to have a major

23  mental disorder and that, even if his alleged symptoms were taken "at face value,"

24  he still was competent to stand trial.  (*Id.*)  Thus, the evidence of Petitioner's mental

25  symptoms did not undermine the validity of his plea.  *See Doe v. Woodford*, 508

26  F.3d 563, 571 (9th Cir. 2007) (rejecting claim that a plea was involuntary due to the

27  petitioner's mental state, where a physician found no mental disorder and

28  concluded he was competent to stand trial).

IT IS THEREFORE ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: August 18, 2021

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE